1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Antonio Hernandez,                          No. CV-19-04733-PHX-DWL

10                    Plaintiff,                  **ORDER**

11   v.

12   PGA Holdings LLC, et al.,

13                    Defendants.

14

15          On July 16, 2019, Antonio Hernandez filed a collective action complaint against

16   Defendants for failure to pay overtime in violation of the Fair Labor Standards Act, 29

17   U.S.C. § 201, et seq. ("FLSA").  (Doc. 1.)  The parties' joint case management report, filed

18   on September 20, 2019, stated that "Zachariah Owen is currently the only Opt-In Plaintiff."

19   (Doc. 28 at 2.)  The Court has no notice of any other opt-in plaintiffs.

20          A scheduling order issued on September 24, 2019 (Doc. 30), and the parties

21   exchanged Mandatory Initial Discovery Program responses within the next few days

22   (Docs. 31, 32).

23          The docket reflects no activity between September 2019 and May 13, 2020, when

24   Opt-In Plaintiff Zachariah Owen and Defendants filed a stipulation to dismiss Mr. Owen

25   with prejudice (Doc. 33), and Plaintiff Antonio Hernandez's counsel, Clifford P. Bendau,

26   II and Christopher J. Bendau of Bendau & Bendau PLLC ("Plaintiff's Counsel") filed a

27   motion to withdraw as counsel of record without client consent (Doc. 34).  Plaintiff's

28   counsel avers that "withdrawal is necessary in light of Plaintiff's unwillingness and/or

1    inability to effectively communicate with his own counsel in connection with this action,"

2    specifically noting "Plaintiff's failure to cooperate with respect to providing responses to

3    counsel's requests for information and documentation pertaining to his case, responses to

4    settlement discussions, and general failure to communicate with his counsel, including but

5    not limited to, responding to emails and telephone calls timely or otherwise." (Doc. 34 at

6    2-3.)

7        The stipulation to dismiss Opt-In Plaintiff Owen will be granted.  As such,

8    Hernandez will be the sole plaintiff in this action, and he is apparently not participating.

9    Without Hernandez's participation, this action will not be permitted to linger on the

10   docket.[1]  "It is within the inherent power of the court to sua sponte dismiss a case for lack

11   of prosecution." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).  "When considering

12   whether to dismiss a case for lack of prosecution, the district court must weigh the court's

13   need to manage its docket, the public interest in expeditious resolution of litigation, and

14   the risk of prejudice to the defendants against the policy favoring disposition of cases on

15   their merits, and the availability of less drastic sanctions." *Id.*  "Only 'unreasonable' delay

16   will support a dismissal for lack of prosecution."  *Id.*  The Ninth Circuit has affirmed

17   dismissal *without prejudice* for a delay as short as four weeks, noting that "[a] relatively

18   brief period of delay is sufficient to justify the district court's sending a litigant to the back

19   of the line." *Id.* at 497.

20       The Court will order Plaintiff to show cause why this case should not be dismissed

21   without prejudice for failure to prosecute.  Plaintiff must file a memorandum, not to exceed

22   five pages, by June 17, 2020.  The Court is interested in knowing (1) the reason why

23   Plaintiff has failed to communicate with his counsel, (2) the prejudice, if any, to Plaintiff

24   if this case were dismissed without prejudice—particularly whether any statute of

25   limitations would bar the case from being filed anew, and (3) Plaintiff's suggestions as to

26   how the case could proceed expeditiously from this point forward, if the Court were to

27

28   [1]    Dismissal of this action would affect only Hernandez, as other "putative plaintiffs remain free to vindicate their rights in their own suits." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 77 (2013).

- 2 -

1    determine that dismissal is not an appropriate sanction at this time.

2         As for Plaintiff's Counsel's motion to withdraw as counsel, Ninth Circuit law

3    suggests a "justifiable cause" standard applies when, as here, the client does not

4    affirmatively consent to the withdrawal request. *Lovvorn v. Johnston*, 118 F.2d 704, 706

5    (9th Cir. 1941) ("An attorney may not, in the absence of the client's consent, withdraw

6    from a case without justifiable cause; and then only after proper notice to his client, and on

7    leave of the court.").  "Justifiable cause" is not a terribly demanding standard, and the

8    professional considerations listed in ER 1.16 will often satisfy it, so long as other factors

9    don't outweigh those considerations. *Gagan v. Monroe*, 2013 WL 1339935, *4 (D. Ariz.

10   2013) ("Factors that a district court should consider when ruling upon a motion to withdraw

11   as counsel include: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal

12   may cause to other litigants; (3) the harm withdrawal might cause to the administration of

13   justice; and (4) the degree to which withdrawal will delay the resolution of the case.").

14        Plaintiff has failed to respond to his counsel's attempts to communicate, and he has

15   failed to respond to their motion to withdraw as counsel.  Any prejudice to him is of his

16   own making.  Furthermore, withdrawal will not harm the administration of justice or

17   greatly delay resolution of this case.  If Plaintiff fails to respond to the order to show cause,

18   this action will be dismissed, and if Plaintiff responds with satisfactory reasons for allowing

19   the case to proceed, a very short timeframe will be established in which Plaintiff will be

20   required to engage new counsel or proceed pro se individually.[2]  Justifiable cause supports

21   Plaintiff's Counsel's withdrawal request, which will be granted.

22        Accordingly,

23        **IT IS ORDERED** that stipulation to dismiss Opt-In Plaintiff Owen (Doc. 33) is

24   **granted**.

25        **IT IS FURTHER ORDERED** that Plaintiff's Counsel's motion to withdraw as

---

26   [2]    Plaintiff may not proceed pro se on behalf of others similarly situated. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (discussing "the general rule

27   prohibiting *pro se* plaintiffs   from   pursuing   claims   on   behalf   of   others   in a representative capacity"); *Koch v. CHS Inc.*, 2012 WL 6093891, *2 (D. Idaho 2012)

28   (general rule "holds true for pro se plaintiffs seeking to bring collective action suits under the F LSA").

1   counsel of record (Doc. 34) is **granted**.  Clifford P. Bendau, II and Christopher J. Bendau

2   of Bendau & Bendau PLLC are withdrawn as counsel of record for Plaintiff.

3       **IT IS FURTHER ORDERED** that the Clerk of Court shall update Plaintiff's

4   contact information as follows:

5       Antonio Hernandez

6       6112 N. 67th Ave., Apt. 217

7       Glendale, AZ 85391

8       (623) 512-8404

9       **IT IS FURTHER ORDERED** that Plaintiff shall file a memorandum by **June 17,**

10  **2020**, not to exceed five pages, showing cause why this case should not be dismissed for

11  failure to prosecute.

12      **IT IS FURTHER ORDERED** that if Plaintiff fails to file a memorandum showing

13  cause why this case should not be dismissed by **June 17, 2020**, the Clerk of Court shall

14  dismiss this action without prejudice.

15      Dated this 28th day of May, 2020.

16

17

18  _____

19      Dominic W. Lanza
        United States District Judge

20

21

22

23

24

25

26

27

28